UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELI GOLDSTEIN,

                Plaintiff,

        v.

CAPITAL ONE BANK USA,

                Defendant.

**MEMORANDUM & ORDER**
22-CV-03719 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff commenced this case in one of New York City's small claims courts using a pleading called a "Summons with Endorsed Complaint," which contains a single sentence that summarily asserts several different claims—but without describing the factual bases for those claims. *See* ECF No. 1-1 at 2. In the face of Defendant's motion to dismiss, Plaintiff has neither filed an opposition brief nor proposed an amended complaint that attempts to comply with the federal pleading standard in Rule 8. The Court therefore grants Defendant's motion to dismiss. *See* ECF No. 11. However, the Court grants Plaintiff leave to file an amended complaint on or before December 23, 2022, because he was *pro se* at the time he filed his original complaint.

## PROCEDURAL HISTORY

      Plaintiff commenced this case by filing a "Summons with Endorsed Complaint" in the Civil Court of the City of New York, Kings County. ECF No. 1-1 at 2. Plaintiff's pleading contained only the following sentence describing his claims:

> The nature and the substance of the plaintiff's cause of action is as follows: **Failure to provide proper services for $50,000.00 with interest from 02/09/2021; Failure to issue a refund for $45,108.38 with interest from 02/09/2021; Breach of Contract or Warranty for $50,000.00 with interest from 02/09/2021; Loss of use of property for $50,000.00 with interest from 02/09/2021[.]**

*Id.* The pleading warned that if Defendant did not timely respond, then "judgment w[ould] be taken against [it] for the total sum of $195,108.38 and interest." *Id.* Defendant timely removed Plaintiff's suit to this Court based on diversity jurisdiction because Defendant is a citizen of Virginia, Plaintiff is a citizen of New York, and the amount of damages alleged in Plaintiff's pleading exceeded $75,000. ECF No. 1 ¶¶ 8–9; ECF No. 1-1 at 2; *see also* 28 U.S.C. § 1332(a).

At the time Plaintiff filed his state court pleading, he was appearing *pro se*. *See* ECF No. 1-1. However, after Defendant removed the case and requested permission to move to dismiss the complaint, an attorney appeared on Plaintiff's behalf. ECF No. 9.

Defendant moved to dismiss Plaintiff's complaint on August 25, 2022. *See* ECF No. 11. Plaintiff was required to file his opposition to the motion by September 22. Before Plaintiff's opposition brief came due, however, the parties informed the Court that they had reached a settlement in principle, which they believed they could reduce to a final agreement within 60 days. ECF No. 15. In light of the potential settlement, the parties requested an adjournment of the existing case deadlines. *Id.* The Court granted their request and ordered the parties to file a stipulation of voluntary dismissal on or before November 7. ECF Order dated Sept. 7, 2022. In the event the parties had not finalized their settlement, the Court ordered Plaintiff to file his opposition brief on that date. *Id.* When that date passed without any submission by the parties, the Court unilaterally gave them an extension until November 16, and warned that Plaintiff's failure to file an opposition brief by that date would lead the Court to "take Defendant's motion to dismiss under submission as unopposed." ECF Order dated Nov. 8, 2022. That extended deadline has passed without the Court receiving any submission from the parties.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To satisfy this standard, the complaint must at a minimum disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks omitted). "Rule 8 . . . 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court "cannot rule out any possibility,

however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) (emphasis added) (internal quotation marks omitted).

Even though Plaintiff has failed to file opposition papers in response to Defendant's motion to dismiss, the Court may not dismiss the complaint "solely on the ground that [Plaintiff] did not respond to the motion." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *see also Rush v. Canfield*, 649 F. App'x 70, 71 (2d Cir. 2016) (holding that the district court "erred" in dismissing some of plaintiff's claims solely because plaintiff "fail[ed] to respond to defendants' argument that those claims should be dismissed"). Instead, the Court must "determin[e] based on its own reading of the pleading and knowledge of the law" whether the complaint states a valid claim. *McCall*, 232 F.3d at 322–23.

## DISCUSSION

All of Plaintiff's claims must be dismissed because he has failed to describe their factual bases. "Under New York law, breach [of contract] claims must identify the specific provisions of the contract upon which liability is predicated." *Miyamoto v. Bank of Am., N.A.*, No. 19-cv-445, 2022 WL 4134320, at *2 (E.D.N.Y. Sept. 12, 2022). Plaintiff has not only failed to identify the contractual provision on which his claims are based—he has failed to identify any contract at all between him and Defendant. Plaintiff's claim for "[f]ailure to provide proper services," *see* ECF No. 1-1 at 2, similarly does not explain what services Defendants were supposed to have provided or why they were inadequate. *See Espinoza v. Bill & Melinda Gates Found.*, No. 22-cv-184, 2022 WL 4368267, at *4 (E.D.N.Y. Sept. 21, 2022) (dismissing claim for "not provid[ing] proper services" because "plaintiff d[id] not plead any facts to support an inference

4

that the defendant is responsible for the conduct and injuries that the plaintiff alleges" (internal quotation marks omitted) (alteration in original)).

Although Plaintiff has not given legally-recognized names to some of his causes of action, since he filed his complaint *pro se*, the Court must "constru[e] [his] claims without regard to the labelling, but rather with attention to the relief sought." *Carter-Mitchell v. Terrell*, No. 12-cv-2361, 2017 WL 375634, at *3 (E.D.N.Y. Jan. 26, 2017). The Court interprets Plaintiff's claim for "[f]ailure to issue a refund," *see* ECF No. 1-1 at 2, to be a quasi-contractual claim for either unjust enrichment or money had and received. *See Quintanilla v. WW Int'l, Inc.*, 541 F. Supp. 3d 331, 353 (S.D.N.Y. 2021) (addressing refund claims brought under the same causes of action); *Hassan v. Fordham Univ.*, 533 F. Supp. 3d 164, 169–70 (S.D.N.Y. 2021) (addressing tuition refund claims brought as unjust enrichment claims). The Court interprets Plaintiff's claim for "[l]oss of use of property," *see* ECF No. 1-1 at 2, to be a claim for conversion. *See Palmer v. City of New York*, 564 F. Supp. 3d 221, 249 (E.D.N.Y. 2021) (explaining that conversion is the appropriate claim under New York law to "compensate plaintiffs for alleged losses of personal property").

After construing Plaintiff's claims in this manner, they must be dismissed as duplicative of his breach of contract claim. The conversion claim must be dismissed because "Plaintiff does not allege separate damages or wrongs related to his conversion claim that are distinct from his breach of contract claim." *Jakob v. JPMorgan Chase Bank, N.A.*, No. 22-cv-3921, 2022 WL 16798071, at *5 (E.D.N.Y. Nov. 8, 2022). Instead, Plaintiff's claim for "[l]oss of use of property" seeks exactly the same damages as his breach of contract claim and is based on conduct that occurred on the same date. ECF No. 1-1 at 2. Plaintiff's claim for "[f]ailure to issue a refund" is likewise based on conduct that occurred on the same date and seeks

5

approximately the same amount of damages.  *Id.*  In order to allege a contract claim as a permissible alternative claim to either unjust enrichment or money had and received, Plaintiff must plead that the contract between him and Defendant was unenforceable—yet Plaintiff has not done so.  *See Quintanilla*, 541 F. Supp. 3d at 353–54 (holding that such claims "may not be plead[ed] in the alternative alongside a claim that the defendant breached an enforceable contract"); *Hassan*, 533 F. Supp. 3d at 169–70 (dismissing unjust enrichment claim based "on the same factual allegations" as contract claim).

      Dismissal of Plaintiff's complaint is consistent with other instances where courts in this Circuit have dismissed claims that were likewise brought using a summons with endorsed complaint and therefore similarly "contain[ed] a single sentence . . . without any factual support."  *See, e.g.*, *Daniel v. Comenity LLC*, No. 12-cv-4411, 2013 WL 5532718, at *2 (E.D.N.Y. Sept. 30, 2013); *Haber v. EOS CCA*, No. 20-cv-6637, 2021 WL 4429501, at *2 (S.D.N.Y. Sept. 27, 2021) (dismissing case commenced by summons with endorsed complaint because, even after multiple amendments, plaintiff's complaint "consist[ed] of four wholly conclusory sentences that are insufficient to state a claim for relief").  Although this type of pleading may be acceptable in New York state courts designed for small claims, it "does not allege any facts that allow the Court to draw any inferences, and the legal conclusion[s] alone could not meet the Rule 8 pleading standard."  *Daniel*, 2013 WL 5532718, at *2.

## **CONCLUSION**

      The Court dismisses Plaintiff's complaint in full for the reasons explained above. Although Defendant has requested a dismissal with prejudice, *see* ECF No. 13 at 5, the Court will grant Plaintiff leave to amend because Plaintiff was *pro se* when he filed his complaint in

6

state court.  Plaintiff shall file an amended complaint on or before December 23, 2022, or else the Court will dismiss his claims with prejudice.

    SO ORDERED.

                                                   */s/ Hector Gonzalez*
                                                   HECTOR GONZALEZ
                                                   United States District Judge

Dated:  Brooklyn, New York
         November 23, 2022

7